**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CRYSTAL M. R., | ) | NO. ED CV 23-1211-E |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **MEMORANDUM OPINION** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) | **AND ORDER OF REMAND** |
| Defendant. | ) ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on June 22, 2023, seeking review of the Commissioner's denial of disability benefits. The parties consented to proceed before a United States Magistrate Judge on July 7, 2023. Plaintiff filed "Plaintiff's Opening Brief" on September 21, 2023. Defendant filed "Defendant's Brief" on

October 23, 2023.  Plaintiff did not file a timely reply brief.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability based primarily on alleged mental impairments (Administrative Record ("A.R.") 248-49, 270).  An Administrative Law Judge ("ALJ") found Plaintiff has the following severe mental impairments: "bipolar disorder with psychotic features, depressive disorder, general anxiety disorder and personality disorder" (A.R. 127-28).  The ALJ determined that these severe impairments reduced Plaintiff's residual functional capacity such that Plaintiff can only "understand, remember and carry out simple instructions but not at a specific production rate, such that she could not perform assembly line work.  She can make simple work-related decisions and tolerate occasional changes in a routine work setting.  She can occasionally interact with supervisors and co-workers but she should not work with the public" (A.R. 131).

In assessing the above residual functional capacity, the ALJ purported to have been "highly persuaded by the opinion of Dr. Chronister . . ." (A.R. 134).  Dr. Chronister, a consultative examining psychologist, authored a narrative report containing several opinions regarding Plaintiff's functional capacity (A.R. 488-91).  One of these opinions was the opinion that Plaintiff's ability to maintain regular workplace attendance "is moderately impaired" (A.R. 491).

A vocational expert testified that a person having the residual functional capacity assessed by the ALJ could perform certain jobs

existing in significant numbers in the national economy (A.R. 37-38). The ALJ relied on this testimony in finding Plaintiff not disabled (A.R. 135-36). The vocational expert also testified, however, that a person absent from the workplace twice each month could not perform any job (A.R. 39).

The ALJ denied disability benefits (A.R. 136). The Appeals Council denied review (A.R. 142-44).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Comm'r, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

**DISCUSSION**

Plaintiff argues, inter alia, that the ALJ did not properly translate into the residual functional capacity assessment the moderate impairment of Plaintiff's ability to maintain regular

workplace attendance.  Defendant argues that the ALJ did properly translate this impairment into the residual functional capacity assessment, asserting that the assessment's limitation of Plaintiff to "simple" work adequately accounted for the impairment.

Defendant's argument is unpersuasive in logic as well as in case law.  It strains logic to suggest that limiting the complexity of the tasks to be performed at work somehow accounts for an impairment in a person's ability to make it to work in the first place.  Most of the judges in this Circuit who have considered the issue have held that a limitation to "simple" work does not account for a moderate impairment in the ability to maintain regular workplace attendance.  See, e.g., Millsap v. Kijakazi, 2023 WL 4534341, at *5-6 (E.D. Cal. July 13, 2023); Macias v. Saul, 2021 WL 856423, at *6 (E.D. Cal. March 8, 2021); Christopher G. v. Saul, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020); Raymond v. Berryhill, 2018 WL 3691842, at *5 (C.D. Cal. Aug. 2, 2018); Panziera v. Berryhill, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018); Wiles v. Berryhill, 2017 WL 5186333, at *3 (C.D. Cal. Nov. 8, 2017); cf. Bagby v. Comm'r, 606 Fed. App'x 888, 890 (9th Cir. 2015) (reduction to "simple, repetitive tasks" fails to account for moderate limitations in ability to "respond appropriately to usual work situations and to changes in a routine work setting").

The published Ninth Circuit decision on which Defendant appears to place principal reliance, Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008) ("Stubbs-Danielson") is inapposite.  There, the Ninth Circuit held that a limitation to simple work adequately translated moderate limitations in "concentration, persistence and pace."  Id. at

1174.  "However, the Ninth Circuit and district courts in the Ninth Circuit have held that <u>Stubbs-Danielson</u> does not control in cases where, as here, the limitations relate to functional areas other than concentration, persistence, and pace, such as . . . attendance." <u>Millsap v. Kijakazi</u>, 2023 WL 4534341, at *5 (citation and quotation omitted); <u>see</u> <u>Macias v. Saul</u>, 2021 WL 856423, at *6 ("<u>Stubbs-Danielson</u> is distinguishable as the moderate restrictions at issue here involve limitations in maintaining attendance and completing a normal workday, not limitations in concentration, persistence or pace"); <u>accord</u> <u>Panziera v. Berryhill</u>, 2018 WL 278623, at *20.

Defendant also suggests that the opinions of Dr. Paxton, a non-examining state agency review physician, support Defendant's argument that a limitation to simple work adequately accounts for an impairment in regular attendance.  This suggestion must be rejected.  Unlike Dr. Chronister, Dr. Paxton opined that Plaintiff's ability to maintain regular attendance was "<u>[n]ot</u> significantly limited" (A.R. 111) (emphasis added).[1]

If, contrary to Defendant's argument, the ALJ actually <u>rejected</u> Dr. Chronister's opinion regarding the impairment of regular workplace attendance (in favor of Dr. Paxton's contrary opinion or otherwise), the ALJ erred by failing to explain the rejection.  <u>See</u> Social Security Ruling ("SSR") 96-8P ("If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the

---

[1] The ALJ deemed certain opinions of Drs. Chronister and Paxton to be "consistent with each other," but did not discuss the material inconsistency noted herein (A.R. 134-35).

adjudicator must explain why the opinion was not adopted"; "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved");[2] accord Millsap v. Kijakazi, 2023 WL 4534341, at *5 (applying SSR 96-8P to implicit rejection of an impairment in the claimant's capacity to maintain regular attendance); see also Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022) (under the new regulations, the ALJ need not state specific, legitimate reasons for rejecting the opinion of an examining physician, but still must provide some explanation for the rejection); Heather R. v. Saul, 2021 WL 3080331, at *22-23 (D. S.D. July 21, 2021) (ALJ erred by appearing implicitly to reject doctor's opinion that claimant would be moderately impaired in maintaining regular attendance, although the ALJ purportedly had given "great weight" to other opinions by the same doctor); Wiles v. Berryhill, 2017 WL 5186333, at *3 (ALJ erred by failing to state reasons for implicitly rejecting doctor's opinion that claimant would have moderate limitations in maintaining regular attendance).

The Court is unable to find the ALJ's error(s) to have been harmless. "[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and quotations omitted), superseded by regulation on other grounds as stated in Sisk v. Saul, 820 Fed. App'x 604, 606 (9th Cir. 2020); see McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing

---

[2] SSRs are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error"). Here, the vocational expert testified that a person absent from the workplace even as infrequently as twice each month could not perform any job (A.R. 39).

Defendant argues that the moderate impairment in Plaintiff's ability to maintain regular workplace attendance found to exist by Dr. Chronister would not materially affect Plaintiff's ability to maintain regular workplace attendance. Defendant appears to argue that a "moderate" impairment always permits the impaired person to "function satisfactorily," citing Social Security Form HA-1152-U3. Defendant's argument cannot be accepted on the present record. Dr. Chronister did not define the operative terms in the doctor's report. Dr. Chronister did not employ Social Security Form HA-1152-U3. Examining physicians do not always ascribe to a "moderate" impairment the meaning for which Defendant argues. See, e.g., Bisconer v. Berryhill, 2018 WL 1041316, at *4 (D. Or. Feb. 1, 2018), adopted, 2018 WL 1040089 (D. Or. Feb. 23, 2018) ("The word 'moderate' is ambiguous in the context of work attendance, and neither Dr. Strabinger nor the ALJ clarified the effects of a 'moderate' impairment. . . . As it stands, therefore, the record is ambiguous as to whether [the claimant's] moderate impairment translates into more than two missed workdays per month, and the ALJ failed to address the ambiguity in his opinion"); Johnson v. Colvin, 2015 WL 1501789, at *2 (N.D. Cal. March 31, 2015) (in a follow-up questionnaire, the doctor stated that a moderate limitation on the claimant's ability to maintain regular work attendance is likely to cause the claimant to be absent from work more than four

7

1    days per month); Colon v. Colvin, 2014 WL 6685474, at *6 (N.D.N.Y.
2    Nov. 26, 2014) ("terms like 'moderate' are inherently vague and the
3    Commissioner has provided no specific definitions, other than to
4    explain that 'moderately limited' means only that a claimant's
5    capacity is impaired; it does not indicate the degree and extent of
6    the limitation") (citations and quotations omitted); see also Grisham
7    v. Colvin, 2014 WL 7140980, at *3 (E.D. Cal. Dec. 12, 2014) (when a
8    doctor renders a narrative opinion, and does not use Form HA-1152-U3,
9    the form's definition of "moderate" should not be imputed to the
10   doctor).[3]

     At a minimum, the uncertainty regarding the meaning of the
operative terms in Dr. Chronister's report should have prompted the
ALJ to seek clarification from Dr. Chronister. Only Dr. Chronister
knows for certain the intended meaning of those arguably ambiguous
terms. "The ALJ has a special duty to fully and fairly develop the
record and to assure that the claimant's interests are considered.
This duty exists even when the claimant is represented by counsel."
Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); accord Garcia v.
Comm'r, 768 F.3d 925, 930 (9th Cir. 2014); see also Sims v. Apfel, 530
U.S. 103, 110-11 (2000) ("Social Security proceedings are
inquisitorial rather than adversarial. It is the ALJ's duty to
investigate the facts and develop the arguments both for and against
granting benefits. . . ."); McLeod v. Astrue, 640 F.3d at 885 (ALJ

---

[3]    In any event, the ALJ's failure to rely on the definition of "moderate" in Form HA-1152-U3 would preclude this Court from utilizing that definition to affirm the ALJ's decision. See Vasquez v. Berryhill, 2017 WL 2633413, at *7 (E.D. Cal. June 16, 2017) (and cases cited therein).

must develop record when there is ambiguous evidence). Here, the ALJ's failure to seek clarification constituted additional error. See id.; Robin R.A. v. Kijakazi, 2022 WL 1599839, at *3 (C.D. Cal. Apr. 5, 2022) ("The ambiguity in Dr. Chronister's opinion [regarding a 'moderate' impairment in maintaining attendance] . . . should have prompted the ALJ to seek clarification from Dr. Chronister"); see also Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006) (while it is a claimant's duty to provide the evidence to be used in making a residual functional capacity determination, "the ALJ should not be a mere umpire during disability proceedings") (citations and internal quotations omitted).

Remand is appropriate because the circumstances of this case suggest that further development of the record and further administrative review could remedy the ALJ's errors. See Treichler v. Comm'r, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and unambiguous, the proper approach is to remand the case to the agency"); McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Leon v. Berryhill, 880 F.3d 1041, 1044 (9th Cir. 2017) (reversal with a directive for the immediate calculation of benefits is a "rare and prophylactic exception to the well-established ordinary remand rule"); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide

benefits"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"); compare Brown-Hunter v. Colvin, 806 F.3d 487, 495-96 (9th Cir. 2015) (discussing the narrow circumstances in which a court will order a benefits calculation rather than further proceedings). There remain significant unanswered questions in the present record.

**CONCLUSION**

For the foregoing reasons, the decision of the Administration is reversed in part and the matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 14, 2023.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE